IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 99-cr-00080-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL WISE,

    Defendant.

---

**ORDER**

---

This matter is before me on the motion of Cornerstone Capital Group, LLC (Cornerstone) to redirect payments. Pursuant to minute order dated April 25, 2007, (doc. no. 27), the Probation Office submitted a May 4, 2007 report observing that jurisdiction had been transferred to the District of Kansas with the Honorable Kathryn Vratil, the acting United States District Judge. A copy of the May 4, 2007 report is attached to this order.

Because of the transfer this court lacks jurisdiction to act and Cornerstone's motion is denied.

DATED at Denver, Colorado, on May 7, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge



# MEMORANDUM

To: Judge Walker D. Miller
United States District Judge

From: Probation Office

Date: May 4, 2007

Re: Michael **WISE**
District of Colorado Docket No. 99-cr-00080-WDM
District of Kansas Docket No. 2:03:CR:80005-01
Expiration Date: August 19, 2005
**REPORT ON MOTION OF CORNERSTONE CAPITAL GROUP, LLC TO REDIRECT RESTITUTION PAYMENTS**

This memorandum is in response to the Court's order that the Probation Office investigate the merits of this motion and report to the Court and parties on or before May 9, 2007.

In background, on July 6, 1999, the defendant was sentenced to 42 months imprisonment and three (3) years supervised release following conviction of two counts of Wire Fraud, violations of 18 U.S.C. § 1343. He was ordered to pay a $200 special assessment and $8,747,649 in restitution.

On August 2, 1999, the defendant surrendered to the United States Bureau of Prisons Federal Prison Camp, Leavenworth, Kansas, for service of his sentence. The defendant was released from the Bureau of Prisons on August 20, 2002 and commenced his three (3) year term of supervised release in the District of Kansas.

Because the defendant had re-settled in the District of Kansas, jurisdiction was transferred from the District of Colorado to the District of Kansas on November 20, 2002. The Honorable Kathryn Vratil, United States District Judge, was assigned the case (re-assigned District of Kansas Docket No. 2:03:CR:80005-01. Thereafter, all restitution payments made by the defendant were directed to the United States District Court Clerk's Office, District of Kansas, for disbursement to the victims in this case.

The defendant remained under the supervision of the Probation Office in the District of Kansas until September 21, 2004, when he relocated to the Middle District of Florida. Although the Probation Office in that district assumed supervision of the defendant, jurisdiction remained with the District of Kansas. Accordingly, restitution payments continued to be directed to the United States District Court Clerk's Office, District of Kansas, for disbursement.

The defendant's term of supervised release originally imposed in the District of Colorado expired on August 19, 2005. According to the United States District Court Clerk's Office, District of Kansas, the defendant paid a total of $54,220 during the three years he was under federal supervision. All of these monies were disbursed according to the original victim list attached to the original District of Colorado judgment.

The United States District Court Clerk's Office, District of Kansas, reported that the United States Attorney's Office Financial Litigation Unit for the District of Kansas can continue to collect restitution from the defendant through various devices (wage garnishments, federal income tax return garnishments) for up to 20 years after the actual supervised expiration date of August 19, 2005. Any monies collected by this agency will be directed to the United States District Court Clerk's Office, District of Kansas, for disbursement. If restitution disbursements are to be redirected, as is requested in the Cornerstone motion, said order must come from the assigned judicial authority in the district last having jurisdiction, that is the Honorable Kathryn Vratil, United States District Judge, District of Kansas.

In conclusion, because jurisdiction has been transferred from the District of Colorado to the District of Kansas, the instant motion should be withdrawn and re-filed in that district.

Respectfully Submitted,

Christopher J. Perez
Supervising Probation Officer

CJP
Attachment

APPROVED: _____
ROSA MIRAFLOR
Deputy Chief Probation Officer

cc: Harold A. Haddon
150 East 10th Avenue
Denver, Colorado 80203

Thomas O'Rourke, AUSA
1225 17th Street, Suite 700
Denver, Colorado 80202